IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal Case: CCB-17-053 |
| | * | Civil Case: CCB-19-212 |
| BRIAN KENNETH McCORT | * | |
| | * | |
| | *** | |

## MEMORANDUM

Brian Kenneth McCort has filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. (ECF 50, Mot. to Vacate). He raises four grounds for relief, each asserting ineffective assistance of counsel, pursuant to 28 U.S.C. § 2255, for various alleged errors including: failing to raise his actual, factual, and legal innocence defense, failing to hold the government to its obligation to hand-over exculpatory and impeachment evidence, failing to raise sentencing arguments, failing to notify McCort about grand jury abuse, failing to review the plea agreement with McCort, insufficiency of indictment, failing to file a notice of appeal, and failing to communicate a plea offer. For the reasons explained below, all claims in McCort's motion, except for his notice of appeal claim, are without merit and will be denied.

## BACKGROUND

On January 31, 2017, Brian McCort was charged with two counts of distribution of child pornography, one count of receipt of child pornography, and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(5)(B). (ECF 1, Indictment). On March 27, 2017, attorney James E. Crawford entered his appearance as retained counsel appearing for McCort. (ECF 11, Attorney Appearance). On November 27th, 2017, McCort agreed to plead guilty to Count One of the indictment, distribution of child pornography. (ECF 31, Plea Agreement). As part of the plea agreement, the government "recommend[ed] a sentence [of] no

1

more than [eight] years' imprisonment and no more than twenty-five years' supervised release." (*Id*. at 5). McCort also agreed to waive his right to appeal his conviction. (*Id*. at 6-7). Ultimately, McCort was sentenced on February 26, 2018, before the Honorable Marvin J. Garbis to 5 years imprisonment, followed by 25 years of supervised release (ECF 42, Judgment).[1] McCort noted no appeal. This motion under 18 U.S.C. § 2255 was docketed on January 23, 2019. (ECF 50).

## STANDARD OF REVIEW

The Sixth Amendment provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has interpreted the right to counsel as providing a defendant with "'the right to the *effective assistance* of counsel.'" *Strickland v. Washington,* 466 U.S. 668, 686 (quoting *McMann v. Richardson,* 397 U.S. 759, 771 n.14, (1970)) (emphasis added). To sustain a claim for ineffective assistance, a petitioner must satisfy the two-prong test set forth by the Supreme Court in *Strickland v. Washington*. 466 U.S. at 687. First, the petitioner must show that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Specifically, the petitioner must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. In evaluating such conduct there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To satisfy the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A Court reviewing an ineffective assistance claim need not consider the prongs in order or even address both components of the inquiry if the defendant makes an insufficient showing on one of the two prongs. *Id.* at 697.

---

[1] McCort is now on supervised release. (*See* ECF 82).

## DISCUSSION

I.  **Ground One**

   a. **Failure to Raise Actual, Factual, and Legal Innocence**

McCort first argues that his lawyer, James Crawford Jr., failed to raise his actual, factual, and legal innocence. (ECF 50-1, Mem. in Supp. of Mot. to Vacate at 2). Specifically, McCort complains that his counsel failed to investigate his claim of innocence and failed to request discovery. (ECF 61, Reply at 13-14).[2] Had attorney Crawford done so, McCort argues, he would have discovered that McCort had "numerous temporary roommates, friends, and colleagues staying at his residence" who had access to his computer. (*Id*. at 14). According to McCort, this information could have been used at trial to prove his actual innocence. (*Id*.). In addition, McCort contests his involvement in his alleged downloading of an inappropriate image involving a minor female that the government moved in limine to admit at trial pursuant to Rules 404(b) and 414. (ECF 46, Motions Hearing Tr.). He specifically alleges that he was on a business trip out of state when this image was downloaded. (ECF 61 at 14). Furthermore, in support of his actual, factual, and legal innocence claim, McCort explains in his motion that at least one of the files named in the plea agreement are duplicates, and that the by-laws of the file sharing program, which he admitted to using when he signed the plea agreement, in fact explicitly prohibited illegal activity. (*Id.*).

Actual innocence means factual innocence, not mere legal insufficiency, and in order to succeed on a claim of actual innocence, the defendant "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *United*

---

[2] Due to an apparently omitted page, the pagination in McCort's Reply is inconsistent. Pincites to page numbers in the Reply therefore refer to the ECF-generated pagination.

*States v. Fugit*, 703 F.3d 248, 256 (4th Cir. 2012) (quoting *Bousley v. United States,* 523 U.S. 614, 623 (1998) (internal quotations omitted)). "[T]he Supreme Court has specifically linked the notion that actual innocence claims must surmount a high hurdle to the systemic interest in finality." *Id.* at 256 (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). In overcoming this hurdle, "the defendant must press beyond mere declarations and prove innocence 'by clear and convincing evidence.'" *Goodall v. United States*, No. RWT-13-cr-0668, 2018 WL 3642579, at *4 (D. Md. Aug. 1, 2018) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999)).

In his plea agreement with the Government, McCort knowingly and voluntarily assented to facts which outlined his involvement in collecting, accessing, and sharing child pornography on multiple occasions. (ECF 31, Plea agreement). As part of his agreement, McCort conceded that his laptop which was seized at his home contained at least 26 images and 213 videos depicting minors engaging in sexually explicit conduct. (*Id*. at 3). He also conceded that an external hard drive in his possession contained at least 675 images and 280 videos depicting minors engaging in sexually explicit conduct, and that a flash drive in his possession contained at least 152 images and 17 videos depicting minors engaging in sexually explicit conduct. (*Id*. at 5, 6).

During his plea hearing, McCort told the court that he understood the charges against him, the possible penalties he faced including the mandatory minimum sentence of five years' incarceration, the possibility of supervised release, the terms of the agreement, the sentencing guidelines, and the rights he was giving up by pleading guilty. (ECF 49, Plea Hr'g Tr. at 1, 11, 14, 15-16). He also conceded that no one had made him any promises in exchange for his guilty plea, and that he in fact committed the offense which he was charged with. (*Id*. at 19).

During his sentencing hearing, McCort acknowledged that he spoke with his lawyer about the elements of Count One and what the Government would have to prove had this matter gone to

4

trial. (ECF 47, Sentencing Hr'g Tr. at 5). After this acknowledgment, McCort and his lawyer both maintained that he was accepting responsibility for his actions and speaking on McCort's behalf, attorney Crawford stated in open court that the Government "could prove that [McCort] had some knowledge of what was happening." (ECF 47 at 19). McCort himself stated, "I agree that it happened . . . like Mr. Crawford just said, I take responsibility and this was my home, my computer, my laptop, my internet connection" (*Id*. at 5).

Taken as a whole, the record shows that McCort has fallen short of proving that "it is more likely than not that no reasonable juror would have convicted him." *Fugit*, 703 F.3d at 256. McCort's allegation that there were others staying at his residence is nothing more than a mere declaration, lacking concrete and persuasive evidence which the standard demands. Moreover, McCort does not deny that the alleged activity occurred in his home and that his computer, his hard drive, and his flash drive, which were all in his possession, contained illegal activity. Instead, he puts forth inconsequential details, such as the by-laws of the file sharing program and his alleged location at the time one photograph was downloaded on his computer, which ultimately do not support a showing of actual innocence. Furthermore, the single photograph that McCort complains of was uncharged misconduct which the government sought to admit under Rule 404(b) and Rule 414. (ECF 24, Mot. in Lim.); Fed. R. Evid. 404(b)(2); Fed. R. Evid. 414(a). While the photo was ultimately found to be admissible, it would have played a minor role, if any, in proving the elements of the charged offense. It is in fact the overwhelming amount of evidence against McCort that satisfies the elements of Count One, so much so that McCort accepted responsibility in open court on multiple occasions. As a result, it is difficult to imagine that any reasonable juror would not have convicted him.

Lastly, any attempt by McCort to establish legal innocence, for example challenges to jurisdiction or the sufficiency of the evidence, etc., is insufficient for a § 2255 claim. *See Goodall*, 2018 WL 3642579, at *4 (citing *Bousley*, 523 U.S. at 615). Accordingly, McCort's first claim alleging ineffective assistance for failure to raise his actual, factual, and legal innocence fails.

## II. Ground Two

### a. Failure to Hold the Government to its Obligation to Hand-Over Exculpatory and Impeachment Evidence

McCort next alleges that his counsel was ineffective for failing to hold the government to its obligation to "to hand-over all core exculpatory [and] impeachment material evidence" within fourteen days of his arraignment within the meaning of three United States Supreme Court cases, *Brady*, *Giles*, and *Giglio*,[3] and in violation of the Local Rules of the United States District Court and Federal Rule of Criminal Procedure 16. (ECF 50-1 at 4-5). According to McCort, the material evidence which the government failed to turn over included documents proving his actual, factual, and legal innocence. (*Id.*). For several reasons this argument fails. First, absent from the local rules of this court is a 14-day, post arraignment disclosure deadline. *See Clay v. United States*, No. 15-cr-0364-6, 2017 WL 3411969, at *5 (M.D.N.C. June 23, 2017), *report and recommendation adopted*, No. 15-cr-0364-6, 2017 WL 3396514 (M.D.N.C. Aug. 8, 2017). Furthermore, Rule 16 also lacks any such deadline. *See id.*; *see also* Fed. R. Crim. P. 16. Second, McCort fails to allege with any specificity which documents he is referring to, and even if such evidence did exist, McCort's knowing and voluntary guilty plea waives any failure by the government to hand over exculpatory or impeachment evidence because such a failure is not a constitutional violation.

---

[3] *See Brady v. Maryland*, 373 U.S. 83 (1963); *Giles v. Maryland*, 386 U.S. 66 (1967); *Giglio v. United States*, 405 U.S. 150 (1972)

6

*See, e.g.*, *United States v. Richards*, 314 F. App'x 522, 525 (4th Cir. 2008) ("The failure to disclose *Brady* evidence prior to a guilty plea does not establish a constitutional violation because impeachment information is a safeguard for a fair trial, not a plea."); *see generally Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Therefore, this claim fails.

### III. Ground Three

#### a. Failure to Raise Sentencing Arguments

As part of his third claim raised in his § 2255 motion, McCort asserts that his counsel failed to raise a number of sentencing arguments on the basis of sentencing disparity and the possibility for post-sentencing rehabilitation, which he believes warranted a reduction in his sentence. (ECF 50-1 at 11-13). A review of the record reveals no ineffective assistance occurred. The guideline imprisonment range in this case ranged from 168 to 210 months. (ECF 47 at 8). McCort, however, received a sentence of 60 months—well below the low-end of the guideline range. *See e.g., Sammons v. United States*, No. RDB-17-cr-087, 2020 WL 6565249, at *3 (D. Md. Nov. 9, 2020) (finding little evidence to support defendant's argument that his sentence was disparate with similar situated defendants where he received a sentence well below the low-end of the advisory guidelines range).

McCort's post-rehabilitation argument is also unavailing. While district courts ordinarily consider presentencing rehabilitative efforts at sentencing, the specific educational efforts that McCort cites to in his motion and faults his attorney for not arguing in anticipation of sentencing, in fact occurred months after his sentencing took place. (ECF 50-2 at 5, Ex. 3 Education

7

Information). Because of this, it is hard to imagine how McCort's prospective rehabilitative efforts would have affected the outcome of the proceedings. *Cf. Bennett v. United States,* No. MOC-10-cr-084, 2012 WL 5872799, at *2 n.4 (W.D.N.C. Nov. 20, 2012). Upon consideration of the above arguments, this claim fails.

### b. Failure to Notify about Grand Jury Abuse

McCort asserts that his counsel had failed to notify him about grand jury abuse—the abuse in this case being that the government allegedly "fail[ed] to tell the Federal Grand Jury that other people had access to McCort's computers" and failed to "prove[] with independent corroboration that McCort committed the actual criminal act presented." (ECF 50-1 at 13). According to McCort, had he been aware of the grand jury abuse he would have not pled guilty. (*Id*.). "The function of a grand jury is investigative. Its proceedings are not adversary in nature, but rather consist of inquiries conducted by laymen without resort to the technicalities of trial procedure." *United States v. Dyer*, 750 F. Supp. 1278, 1300 (E.D. Va. 1990) (quoting *United States v. Ruyle,* 524 F.2d 1133, 1135 (6th Cir. 1975)). To protect the investigative function, the Fourth Circuit has recognized that a district court should abstain from involving itself in the grand jury process absent a compelling reason for intervention. *See, e.g.*, *United States v. Moss*, 756 F.2d 329, 331-32 (4th Cir. 1985). If, however, grand jury abuse is alleged, a defendant bears the burden of demonstrating that the "presumption of regularity attache[d] to [the] grand jury's proceedings" has not been met. *Id*.

As a general matter, there is no obligation for a federal prosecutor to present what a defendant may later deem to be exculpatory evidence to the grand jury. *See Dyer*, 750 F. Supp. at 1300. What might not seem particularly meaningful to the prosecutor, could on the other hand seem particularly significant to the defendant. *United States v. Mandel*, 415 F. Supp. 1033, 1040 (D. Md. 1976). However, "certain items, such as [a] confession by another to the crime the target

8

is being charged with, are so obviously exculpatory" such that the prosecution cannot avoid their significance. *Id*.

In this instance, there was no item like a confession by another to present to the grand jury, and as explained above, the allegation that others had access to McCort's computer, without more, does not rise to the level of being so obviously exculpatory that the prosecution had a duty to present this information to the grand jury. Thus, McCort's allegation fails to convince this court that it need exercise its limited power and interfere with the independent and investigatory function of the grand jury.

### c. Failure to Review Plea Agreement with Defendant

McCort alleges that attorney Crawford was ineffective because McCort "had no time to review his plea agreement with [his] counsel and signed it as he was reading it for the first time with his parents and attorney present under the guise that this was the proper and just way the Court proceeded." (ECF 50-1 at 14). At the beginning of McCort's plea hearing, Judge Garbis communicated to the defendant that he was not under a compulsion to plead guilty and could stop the proceeding at any moment. (ECF 49 at 5). Specifically, Judge Garbis stated that McCort could "stop this proceeding at any time . . . just by saying, let's stop it and [that he could] consult further with Mr. Crawford or with anybody else that [he] want[s] to and think more about this decision because it's an important decision . . . [and that if he had] any doubt about pleading guilty, then [he] should plead not guilty." (*Id.*). McCort affirmed that understood this. (*Id.* at 6). As the plea hearing continued, McCort admitted that he read the indictment with his attorney who according to McCort had "been very clear with him," and that he understood the charges against him that he was pleading to. (*Id.* at 10-11). McCort also acknowledged that there was no hesitation in pleading guilty, that he understood what was going on, that he was in communication with his attorney, that

9

he did in fact commit this offense he was charged with, that the Government could prove the lengthy stipulation of facts attached to the plea agreement which was summarized in open court during the plea hearing and which he signed, and that he was comfortable pleading guilty to this charge. (*Id*. at 5-6, 19-25).

At McCort's sentencing hearing, attorney Crawford stated in open court that on the day the defendant signed the plea agreement, he met with the defendant and his parents and "had a very lengthy discussion about what his options are, trying the case, not trying the case, pleading guilty, what the recommendations were from the Government [and that they] went over the whole thing in great detail in this courthouse for quite a long period of time." (ECF 47 at 3). Attorney Crawford further stated in open court that McCort agreed that the facts outlined in the plea did in fact occur. (*Id*. at 4). When McCort himself had an opportunity to speak during the hearing he affirmed the statements made by his attorney and said, "I agree that it happened . . . like Mr. Crawford just said, I take responsibility and this was my home, my computer, my laptop, my internet connection" (*Id*. at 5). In the face of McCort's affirmations and his own declarations during both his plea hearing and sentencing hearing, his allegation that his counsel was ineffective in this instance does not demonstrate deficient performance by his counsel, let alone prejudice.

McCort also complains that he had no contact with his counsel between his plea and sentencing hearing and that he did not provide input into the sentencing report but does not explain how he was prejudiced by this alleged lack of contact and lack of input. Accordingly, this claim fails.

### d. Insufficiency of Indictment

The final allegation that McCort asserts in his third ground is that the "indictment under which he was charged was 'spoiled/tainted' because it failed to identify a specific victim that was

10

affected by his alleged actions," and "was not specific enough to notify [him] of the nature of the accusation against him and apprise the Court of the Facts and the victim harmed and alleged." (ECF 50-1 at 18-19). McCort's motion does not directly allege that his counsel was ineffective for failing to raise this issue, but the court will nevertheless consider the sufficiency of the indictment. A sufficient indictment contains both "the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and . . . enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002) (citations and internal quotations omitted); *see also Burton v. United States*, No. RDB-19-cr-0164, 2023 WL 2537476 at, *4 (D. Md. Mar. 16, 2023). Usually, a sufficient indictment will use the words of the statute to allege an offense. *Brandon*, 298 F.3d at 310 (citing *United States v. Wicks*, 187 F.3d 426, 427 (4th Cir. 1999)). The words must "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence," without simply parroting the language of the statute. *Id.* (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). A statement of the facts and circumstances must also accompany an indictment which uses the words of a statute to generally describe the offense, so as to provide notice to the accused. *Id*. An indictment which meets this standard "'is valid on its face' and the court may not 'review the sufficiency of evidence supporting' the indictment because a valid 'indictment returned by a legally constituted and unbiased grand jury' is 'enough to call for trial of the charges on the merits.'" *Brown v. United States*, No. RJC-14-cr-0147-1, 2018 WL 6247264, at *8 (W.D.N.C. Nov. 29, 2018).

Count One of the indictment charges McCort with distribution of child pornography using the language of the statute and continues by providing a name and description of the video that McCort was alleged to have distributed, including what seems to be the first name and age of the

11

victim involved. (ECF 1, Indictment). This is sufficiently detailed and specific to allow McCort "to mount an effective defense or to negotiate an informed plea." *Burton*, 2023 WL 2537476, at *4. Accordingly, this claim fails.

IV.   **Ground Four**

   a.   **Failure to File Notice of Appeal**

As part of the fourth ground in McCort's § 2255 motion, he alleges that his counsel "[f]ailed to raise the issue of [his] minor role participation reduction . . . on '[d]irect [a]ppeal' even though McCort requested that he do so." (ECF 50-1 at 22). It is important to note that McCort presents his motion to vacate as an affidavit. Attorney Crawford also submitted an affidavit to the court stating that McCort did not inform him to file an appeal and that, had he done so, he would have filed a timely appeal. (ECF 56-6 at 2, Crawford Affidavit). "An attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). "When a defendant unequivocally instructs trial counsel to file a notice of appeal and counsel fails to do so, there has been deficient performance, and prejudice is presumed even if the defendant signed an appeal waiver as part of a plea agreement." *United States v. Rasberry*, No. TDC-17-cr-0457, 2021 WL 75171, at *2 (D. Md. Jan. 8, 2021) (citations omitted). "In such a circumstance, prejudice is 'presumed with no further showing from the defendant of the merits of his underlying claims.'" *Id*. (quoting *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019)).

In arguing that McCort's counsel was not deficient, the Government cites to *United States v. Cooper*, 617 F.3d 307 (4th Cir. 2010), and *Faison v. United States*, 17 F. Supp. 3d 550 (E.D. Va. 2014), to persuade the court that an evidentiary hearing on the matter is not required because

McCort pled guilty and had no meritorious grounds to appeal as he knowingly and voluntarily waived this right. (ECF 56, Opp'n to Mot. to Vacate at 20-23). In *United States v. Cooper*, the defendant asserted, among other things, that his counsel was ineffective for failing to consult with him about the possibility of taking an appeal. 617 F.3d at 311. At an evidentiary hearing on the motion, the defendant

> testified that he had wanted to file an appeal and that he had asked [his attorney] at the close of the sentencing hearing to visit him the next day at the Eastern Regional Jail. Cooper admitted, however, that he never expressed a desire to appeal. He claimed that he did not have time to do so before the marshals removed him from the courtroom. He said that he had intended to ask [his attorney] to file an appeal when [his attorney] visited him at the jail. According to Cooper, [his attorney] responded that he would come to the jail the next day after 1:00 p.m., but he never showed up. Cooper also testified that he had tried to contact [his attorney] but that he could not get through because [his] office did not accept collect calls.

*Id*. at 311. Given the facts, the district court ultimately found that Cooper did not expressly ask his counsel to file an appeal, and therefore his counsel was justified in believing that a rational defendant in Cooper's position would not have desired an appeal to be filed. *Id*. at 311-12. The Fourth Circuit affirmed. *Id*. at 313-15. By contrast, McCort does not allege that his intent to appeal was merely a desire or missed opportunity. He instead asserts in his motion that he expressly "instructed his counsel to perfect an appeal." (ECF 50-1 at 25).

In *Faison v. United States*, the court found that the petitioner's letter to her attorney indicating that she was interested in filing an appeal was sent well after the time to appeal had expired. 17 F. Supp. 3d at 552-53. Consequently, the court held, the Petitioner's letter did not constitute an "unequivocal instruction to file a timely notice of appeal." *Id*. In McCort's case, it is unclear when McCort's alleged request to file an appeal occurred, given the conflicting statements by both McCort and attorney Crawford. As such, the court cannot conclusively say

whether attorney Crawford neglected McCort's request to file a notice of appeal. Therefore, an evidentiary hearing will be held before ruling on this aspect of McCort's § 2255 motion.[4]

### b. Failure to Communicate a Plea Offer

Finally, McCort contends that his counsel failed to communicate a more favorable plea, which McCort alleges offered a sentence of 48 months. (ECF 50-1 at 22, 26). The government, in its response to the § 2255 petition, counters that there was no such plea offered or ever discussed between the parties. (ECF 56 at 25). "A defense attorney should keep a defendant apprised of all developments in the plea negotiation process and communicate the prosecutor's proposals promptly." *United States v. Brannon*, 48 F. App'x 51, 53 (4th Cir. 2002) (citing *Johnson v. Duckworth,* 793 F.2d 898, 900-02 (7th Cir. 1986)). When a proposal has been offered by the prosecutor, the defense attorney must "1) notify the client of [the] plea offer; 2) advise the client of the option to proceed to trial; 3) present the client with the probable outcomes of both the guilt and sentencing phases of each alternative; and 4) permit the client to make the ultimate decision." *Webb v. United States*, No. FPS-04-cr-012, 2009 WL 1789108, at *2 (N.D.W. Va. June 22, 2009) (quoting *Jones v. United States*, No. DKC-02-cr-077, 2008 WL 886119, at *3 (D. Md. Mar. 28, 2008)). In this case, McCort has not provided any evidence to support his allegations that the government did in fact tender this plea offer for his consideration. *See e.g.*, *Webb*, 2009 WL 1789108, at *2 (rejecting the petitioner's argument that he received ineffective assistance because his counsel did not timely inform him of a plea offer where no evidence existed to indicate that the Government ever made any such offer). Accordingly, this claim will be denied.

---

[4] If, however, the government chooses to concede that McCort may file a direct appeal, an evidentiary hearing on this issue should not be necessary.

## CONCLUSION

For the foregoing reasons, an evidentiary hearing will be held regarding whether McCort unequivocally directed his trial counsel to file a direct appeal and whether his counsel failed to do so. All other remaining ineffective assistance of counsel claims by McCort are without merit and shall be denied. A separate Order follows.

| | |
|---|---|
| 9/15/2023 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |